Bruce H. Nagel
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY BLOCK, On Behalf of Herself and All Other Persons Similarly Situated,<br><br>                              Plaintiff,<br><br>-against-<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>                              Defendant. | Case No.:<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by her attorneys, Nagel Rice LLP, on behalf of herself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

### I.      INTRODUCTION

1.     Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly-situated individuals and entities who own or have owned Land Rover LR2 vehicles (the "Vehicles") manufactured and/or sold by the Defendant, Jaguar Land Rover North America, LLC ("Land Rover" or "Defendant") containing defective electrical systems which cause the battery to drain and cause the vehicle to have starting problems. The defective electrical system requires numerous service calls, attempted repairs, and upgrades without correcting the defect.

1

2. Upon information and belief, this battery drain is caused by a defective electrical system and/or entertainment system in the Vehicles (the "Defect"). The defective electrical system and/or entertainment system does not perform its essential function because it causes the battery to drain.

3. Upon information and belief, the defect exists in all 2008-2015 Land Rover LR2s.

4. All of the claims asserted herein arise out of Land Rover's design, manufacture, warranting, advertising and selling of the Vehicles.

5. The Vehicles are designed and manufactured with a uniform and inherent design defect that causes the battery to drain because the electrical and/or entertainment systems is defective. As a result of the Defect, the Vehicles do not start and the battery needs to be replaced. The damages are a result of the defective electrical and/or entertainment systems and their defective components.

6. Land Rover knew, or was reckless in not knowing, at or before the time it sold the first unit, that the Vehicles contained the Defect and that the Vehicles' batteries would fail prematurely due to the Defect. Land Rover had sole and exclusive possession of this knowledge.

7. Notwithstanding this knowledge, Land Rover made uniform and material misrepresentations and uniformly concealed material information in its marketing, advertising, and sale of the Vehicles, which Land Rover knew to be defective, both at the time of sale and on an ongoing basis.

8. At all times, in every communication, Land Rover made uniform written misrepresentations to and/or uniformly concealed from Plaintiff and everyone in the chain of distribution the Defect in the Vehicles, and failed to remove the Vehicles from the marketplace or take adequate remedial action. Instead, Land Rover continued to sell and service the Vehicles even though it knows and knew, or was reckless in not knowing, that the Vehicles were

defectively designed, the batteries would fail prematurely, and would ultimately result in Plaintiff's inability to use her vehicle for its intended purpose during the time Plaintiff reasonably expected she would have use of the Vehicle, its electrical system and its entertainment system.

9. The Vehicles' electrical and/or entertainment system and battery have in fact failed prematurely, whether within or outside of applicable warranty periods. Indeed, attempted repairs to Plaintiff's vehicle continually have failed and the defect is not repairable.

10. As a consequence of Land Rover's false and misleading statements and active and ongoing concealment of the Defect, Plaintiff and the Class purchased and currently own defective Vehicles and have incurred damages.

11. Plaintiff seeks actual damages, injunctive relief, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class.

## II.   PARTIES

12. Plaintiff Amy Block resides in Livingston, New Jersey. On April 20, 2010, she purchased a 2009 Land Rover LR2 containing the defects from Prestige Land Rover in Paramus, New Jersey for approximately $32,173.41.

13. Plaintiff purchased her vehicle for all of the options that came with the vehicle.

14. Unfortunately, Plaintiff's electrical and/or entertainment system causes her battery to drain and causes the vehicle to not be able to start.

15. Plaintiff notified Land Rover of the defect and on or about December 18, 2013, Land Rover attempted to repair the Defect by installing/replacing the battery.

16. The attempted repairs did not resolve the Defect.

17. Plaintiff notified Land Rover at least three additional times of the Defect. The attempted repairs did not resolve the Defect.

18. Land Rover has failed to remedy the defect.

**JURISDICTION AND VENUE**

19. This court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), exclusive of interest and costs, and because at least one class member is of diverse citizenship from the Defendant; there are more than 100 class members nationwide; and the aggregate amount in controversy exceeds $5,000,000. This Court also has personal jurisdiction over the parties because Defendant conducts substantial business in New Jersey, its corporate headquarters is located here, and has had systematic and continuous contacts with New Jersey, and has agents and representatives that can be found in this State.

20. Venue is proper in this District under 28 U.S.C. § 1391 because the Lead Plaintiff is a resident of this judicial district, a substantial part of the events giving rise to the claims occurred and emanated out of this District, and Defendant's conduct has injured Class members residing in this District. Accordingly, this Court has jurisdiction over this action and venue is proper in this Judicial District.

**FACTUAL BACKGROUND**

21. Land Rover brought model year 2008-2015 Vehicles to market between 2007 and present and continued selling them to prospective class members without disclosing the existence, nature, or scope of the Defect. The Defect causes the battery to drain and prevent the car from starting. As a result of this failure, the Defect creates a serious safety hazard, loss of use of the vehicle, loss of use of the entertainment and/or electrical system, need to replace the battery, and inconvenience to the owner.

22. Plaintiff believes that Land Rover has known about the Defect and has not done anything to remedy it. As a result of this failure, Plaintiff and the proposed class have been put

at risk of a safety hazard without knowing it, have been subject the loss of features of their vehicle, and have been forced to bear the cost of repairs that become necessary when the Defect manifests.

**The Defect**

23. The Vehicles fail to perform as advertised, because the entertainment/electrical system causes the battery to prematurely drain causing the Vehicle to not start and the battery needing to be replaced.

24. The complaints indicate Land Rover's awareness of the problems with the battery and electrical and/or entertainment system, the costs associated with the necessary repairs, and how the defective condition affects its consumers. The following are examples of consumer complaints on the internet that have been posted on websites concerning the Defect which relates to battery and electrical and/or entertainment system:

    a. Asked by sdichi Jan 12, 2015 at 04:43 PM about the 2010 Land Rover LR2 HSE

    Question type: Maintenance & Repair

    I have a 2010 LR2 HSE with 35k miles that I have on-going issues with a flat/dead battery. If I leave the vehicle for a few days and dont drive it, the battery is completely dead - doesn't even turn over. I have to then get it jumped. Then it's fine until it sits for more than 2 days. I have had the LR dealership tell me the issue is resolved (first a new battery, then a system reboot), neither of which fixed the issue. Am I missing something as to why the dealership can't determine the cause of the battery drain? I'm not very knowledeable about cars but I've done some research online and it seems like a mechanic should be able to fix this, or at minimum tell me the cause? Any insight would be helpful.

    http://www.cargurus.com/Cars/Discussion-t36280_ds630765

    b. Unbelievable Battery Drain MY04

    Fully charged the depleted battery about two days ago. Had not driven the vehicle since I charged it (has been sitting in the garage). Went to go drive it today and it won't start because the battery is

dead. I have hooked up the charger and its indicators say (Charging and not Charged) so definitely the battery at fault. How does a fully charged battery lose charge in 2 DAYS? I checked all of the map lights, heck even made sure the tail gate was properly closed. There is no blower motor sound from the right boot, so can't really blame anything on that. I was previously advised to change the Final Stage Resistor which I have delayed replacing. I am completely lost as to what this drain could be caused by, any suggestions? Also, how long does the charge in these batteries usually last when it comes to the vehicle just sitting around?
Ps. I raised the suspension yesterday while it was parked, and has been raised since yesterday.....in case that makes a difference just wanted to point it out.
James

http://www.rangerovers.net/forum/6-range-rover-mark-iii-l322/41513-unbelievable-battery-drain-my04.html

c.  Battery drains within 24 hours with no accessories having been left on. Shop can not find any faults and left vehicle sit for 4 days but could not duplicate. This is not surprising as the problem is transient - this is the second time it has happened.

   http://www.truedelta.com/Land-Rover-LR2/electrical-problems-754

d.  mystery battery drain
   battery just goes dead after sitting a day or two. was told it could be the alternator. i have checked for battery drain from other sources. any body have any advice.

   http://www.landroversonly.com/forums/f8/mystery-battery-drain-23237/

e.  This was part of a thread on a Land Rover Forum:

   i.  Bought a new LR2 HSE in October. Less than 1500 miles on it at present. Last night I put the key fob in the slot, foot on the brake, and pushed the engine start button. Rather than starting, The instrument panel had a fit! All the lights came on, and the LCD screen between the tach and the spedo gave a series of error messages - HDC Fault, System Resetting, etc. Then the LCD started acting really weird - it went blank, and then a single horizontal line appeared at the bottom and began to flash. The small LCD where the gear info is located had a big E where the gear numbers would normally be. Then the hazzard lights came on, but not as flashers, just solid on the dash. Outside the car, the wipers started making a slow, jerky motion as they gradually traveled up the

>   windshield - funny, since they were not turned on. The outside turn signals weakly flashed in random patterns. Tried to get the key out, and it wouldn't come out. Then eveything went dead. Not even the overhead light would turn on! Grabbed my other key fob and used the emergency manual key to lock everything up, and I called roadside assistance this morning to have them come get the car. Looks like for all the supposed improvements in Land Rover quality with this new model, they are still using the same idiots to design and install the electrics as they always have.
>
>   Anyone have similar issues?
>
>   ii. Just had similiar situation!!! My LR2 has 16,000 miles and this past weekend, I went out to start it and NOTHING HAPPENED. The HDC SYSTEM TRANSMISSION DEFAULT message came up on the dash....engine would not turn over or start. Interior lights and horn worked, but that was it. Had to have it towed to dealership....and they still can't figure out how to start the car.The vehicle has never been in an accident and the service advisorsays the 'accident light' is now on in the engine and he can't turn it off.
>
>   Back in September it went to the dealership for a recall on the navigation and somehow it messed up the electrical...it stayed at the shop for 3 1/2 weeks...until they finally fixed it. yeah right. Still waiting to hear from the dealership today on the status of the vehicle that I had towed in on Saturday!!!
>
>   iii. This is a very common issue, sorry to say. The supposed fix is to reconfigure the body control module, instrument cluster control module, and solar sensor. We had one that was leased by an employee at our store and the downloads did not resolve the issue. The lights and strange behavior are due to low battery voltage. One or multiple modules stay "awake" and drain the battery down. I am not terribly impressed by these vehicles, either. Needless to say, the employee was able to get out of her lease and into an Acura.
>
> http://landroverforums.com/forum/lr2-35/lr2-electrical-meltdown-17942/

25. The Defect renders the electrical and/or entertainment system in the Vehicles unusable because it causes the battery to drain making the vehicle unable to start and the battery needing to be replaced.

7

26. Land Rover failed to adequately design, manufacture, and/or test the Vehicles to ensure they were free from defects at the time of sale.

27. At all relevant times, Plaintiff has used her Vehicle in a foreseeable manner and in the manner in which they were intended to be used.

28. Land Rover had superior and exclusive knowledge of the Defect, and knew or should have known that the Defect was not known or reasonably discoverable by Plaintiffs and Class Members prior to their purchase or lease of the Class Vehicles.

29. Plaintiff alleges that before Plaintiff purchased her vehicle, if not before, Land Rover knew about the Defect through sources not available to consumers, including pre-release testing data, early consumer complaints about the Defect to Land Rover and their dealers, testing conducted in response to those complaints, high failure rates and replacement part sales data contained in Land Rover's warranty databases aggregate data from Land Rover dealers, including calls from Land Rover dealers who directly reported to Land Rover consumers' high failure rates and seeking assistance for repairs, among other internal sources of aggregate information about the problem.

30. Moreover, it is indisputable that Land Rover was aware of the Defect at the time Plaintiff purchased her vehicle yet did not disclose the Defect to the Plaintiffs and also failed to repair the Defect prior to selling them the vehicles.

31. The existence of the Defect is a fact that would be considered material to a reasonable consumer deciding whether to purchase or lease a vehicle that was equipped with electrical and/or entertainment system and a battery that would hold a charge. Had Plaintiff and other Class Members known about the Defect while they were in the market for a vehicle, they would not have purchased the Vehicles or, at the very least, would have paid less for them to

account for the need to monitor and repair the problem on an ongoing basis before the Defect could manifest.

32. Reasonable consumers, like Plaintiff, expect and assume that a vehicle's electrical system and options, will function in a manner that will not pose a safety hazard, and is free from defects. Plaintiff and members of the proposed class also expect and assume that Land Rover will not sell or lease vehicles with a known defect, and will disclose any such defects to consumers when they learn of them. They did not expect Land Rover to conceal problems such as the Defect from them, to continually deny its existence, or that Land Rover would refuse to bear the repair costs that become necessary to correct the problems resulting from defective electrical and/or entertainment system and battery.

33. The Vehicles have a uniform design defect that causes the battery to drain and become unusable.

**Plaintiff and Class Members' Reasonable Expectations**

11. In purchasing the Vehicle, Plaintiff legitimately expected the vehicle to operate in accordance with all of its intended purposes – including the battery

12. Plaintiff expected that it would have a working vehicle and entertainment and/or electrical system, free from the Defect, when she purchased the vehicle.

13. Further, consumers reasonably expect that vehicles like the Vehicles at issue here will function properly for years. In fact, Land Rover celebrates the capabilities and history of its vehicles. See http://www.landroverusa.com/our-story/index.html.

14. Plaintiff and members of the Class reasonably expected the Vehicles to work properly and not have battery issues and to have all electrical components function properly during the first year after purchase and thereafter.

9

15. Plaintiff and members of the Class reasonably expected Land Rover to disclose the existence of a Defect that was known to Land Rover at the time of sale, namely that the Vehicles were prone to premature battery draining, dead batteries, and electrical and/ entertainment system malfunctions.

16. Because of the Defect, Plaintiff's Vehicle battery died and needed to be replaced multiple times.

17. As a result of the Defect, Plaintiff has experienced failure of her Vehicle, did not get what she paid for, and has incurred actual damages.

**Land Rover was Aware of the Defect**

18. Before it sold the Vehicles, Land Rover knew, or was reckless in not knowing, that the Vehicles contained a Defect that would cause the battery to drain and be unable to perform properly.

19. Land Rover did not implement a plan to address the Defect and instead manufactured and sold subsequent models that contained the same Defect.

20. Upon information and belief, the Defect was a known issue to Land Rover at or about the time it began distributing vehicles with the components containing the Defect.

21. Consumers, including Plaintiff, have complained repeatedly to Land Rover about this Defect, but Land Rover refuses to address and rectify the problem and has failed and refused to reimburse customers.

22. Land Rover was or should have been aware at the time it sold the Vehicles that they were Defective based on the consumer complaints referenced above as well as consumer complaints to its dealerships.

23.     The Defect was never remedied and Plaintiff's vehicle to this day still has battery issues. This Defect is a defect inherent in the engineering of the vehicles, electrical system and/or entertainment system to which no repair by Land Rover will correct the Defect.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

25.     The Class that Plaintiff seeks to represent is defined as follows: All persons or entities residing in the United States who own, or have owned, a 2008 to 2015 Land Rover LR2 and/or any other Land Rover model containing the Defect that causes the battery to prematurely drain, stops the vehicle from starting, and needs to be replaced. Excluded from the Class are (a) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors that purchased the Vehicles, (b) the judge to whom this case is assigned and any member of the judge's immediate family; and (c) individuals with claims for personal injury, wrongful death and/or emotional distress.

26.     **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that joinder of all members would be impracticable. The proposed Class includes tens of thousands of members. The Class is composed of an easily ascertainable, self-identifying set of individuals and entities that own or owned the Vehicles. The precise number of Class members can be ascertained by reviewing documents in Defendant's possession, custody, and control.

27.     **Commonality and Predominance**: There are common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

   a) Whether class vehicles suffer from defects causing the battery to drain;

b) Whether Defendant Land Rover knew or should have known that the Vehicles were defectively designed, manufactured, marketed, distributed and sold;

c) Whether the defective nature of the battery, entertainment and/or electrical systems constitutes a material fact;

d) Whether Defendant Land Rover had a duty to disclose the defective nature of the battery, electrical and/or entertainment systems to plaintiff and class members;

e) Whether Plaintiffs and the other class members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction;

f) Whether Land Rover knew or reasonably should have known of the defects relating to the battery drain and the electrical and/or entertainment systems before it sold and leased class vehicles to class members;

g) Whether Land Rover should be declared financially responsible for notifying all class members of the problems with the class vehicles and for the costs and expenses of repairing and replacing the defective battery and the electrical and/or entertainment systems;

h) Whether Land Rover is obligated to inform class members of their right to seek reimbursement for having paid to diagnose, repair, or replace their battery and the electrical and/or entertainment systems;

i) Whether Land Rover violated the consumer protection laws in New Jersey;

j) Whether, as a result of Land Rover's omissions and/or misrepresentations of material facts related to the Defect, Plaintiff and class members have suffered ascertainable loss of moneys, property, and/or value; and whether Plaintiff and class members are entitled to monetary damages and/or other remedies, and if so the nature of any such relief.

28. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all Class members have been injured by the same wrongful practices by Land Rover. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal and remedial theories.

29. **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the Class, and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor his attorneys have any interests that are contrary to or conflicting with the Class.

30. **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, and are no less than five million dollars upon information and belief, the individual damages incurred by each Class member resulting from Land Rover's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Land Rover has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding

declaratory relief with regard to the members of the Class as a whole is appropriate.

## CLAIMS FOR RELIEF

### FIRST COUNT
### (Violations of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq.)

83. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

84. Plaintiff and other members of the Class are "consumers" within the meaning of the CFA.

85. The Vehicles are "goods" within the meaning of the CFA.

86. At all relevant times material hereto, Land Rover conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

87. The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under other remedies.

88. Land Rover has engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices in the marketing and sale of ovens it knew to be defective.

89. Land Rover had exclusive knowledge of the Defect at the time of sale. The Defect is latent and not something that Plaintiff or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

90. Land Rover represented that its goods, merchandise or services had characteristics, uses, benefits, or quantities that they did not have, and that its goods, merchandise and services were of a particular standard, quality or grade that they were not.

91. In its marketing and sale of the Vehicles, Land Rover undertook active and ongoing steps to conceal the Defects and has consciously withheld material facts from Plaintiff and other members of the Class with respect to the Defect in the Vehicles.

92. Plaintiff is aware of nothing in Land Rover's advertising, publicity, or marketing materials that discloses the truth about the Defect, despite Land Rover's awareness, or reckless unawareness, of the problem.

93. Land Rover's conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The fact that a defect in the Vehicles would cause the battery to prematurely drain and cause the electrical and/or entertainment systems to not function properly was a material fact that a reasonable and/or unsophisticated consumer would attach importance to at the time of purchase. This fact would influence a reasonable consumers' choice of action during the purchase of their vehicle.

94. Land Rover intended that Plaintiff and the other members of the Class would rely on its acts of concealment and omissions by purchasing the Vehicles at full price rather than paying less for them or purchasing competitors' vehicles.

95. Had Land Rover disclosed all material information regarding the Defect to Plaintiff and other members of the Class, they would not have purchased the Vehicles, or they would have paid less for them.

96. Land Rover's conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

97. As a result of the foregoing acts, omissions, and practices, Plaintiff and other members of the Class have suffered an ascertainable loss by purchasing defective vehicles that are unable to perform their essential function and that present a risk to the safety of Plaintiff and members of the Class. Plaintiff has also incurred additional costs to repair and/or replace the Vehicles. Plaintiff is entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

98. Application of the CFA to all Class members, regardless of their state of residence,

is appropriate as described herein and because, *inter alia*, the facts and circumstances of this case reflect numerous contacts with the State of New Jersey so as to create a state interest in applying the CFA to Land Rover, thereby making application of New Jersey law to the entire Class appropriate.

## SECOND COUNT
### (Common Law Fraud)

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

32. Land Rover made material misrepresentations and omissions concerning a presently existing or past fact. For example, Land Rover did not fully and truthfully disclose to their customers the Defect in the Vehicles and that this would cause problems with the battery. As a result, Plaintiff and other class members were fraudulently induced to lease or purchase the Vehicles with the Defect and all of the resultant problems.

33. These omissions and statements were made by Land Rover with knowledge of their falsity and with the intent that Plaintiff and class members relay on them.

34. Plaintiff and class members reasonable relied on these statements and omissions and suffered damages as a result.

## THIRD COUNT
### (Unjust Enrichment)

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

36. Land Rover has been unjustly enriched by the sale of the Vehicles to Plaintiff and the Class members.

37. Plaintiff seeks to recover for Land Rover's unjust enrichment.

38. Plaintiff and the Class members conferred a benefit on Land Rover, but Land

Rover failed to disclose its knowledge of the Defect. Thus, Plaintiff did not receive what they paid for and Land Rover misled Plaintiff and the Class regarding the qualities of the Vehicles while profiting from this deception.

39. The circumstances are such that it would be inequitable, unconscionable, and unjust to permit Land Rover to retain the benefit of these profits that it unfairly has obtained from Plaintiff and the Class members.

40. Plaintiff and the Class members, having been injured by Land Rover's conduct, are entitled to restitution or disgorgement of profits as a result of the unjust enrichment of Land Rover to their detriment.

## FOURTH COUNT
### (Breach of Good Faith and Fair Dealing)

127. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

127. Every contract in New Jersey contains an implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

128. Land Rover's actions breached the covenant of good faith and fair dealing by failing to notify plaintiff and class members of the Defect in the Vehicles and failing to fully and properly repair this defect.

128. Land Rover acted in bad faith and with a malicious motive to deny Plaintiff and class members some benefit of the bargain originally intended by the parties, causing them injuries.

129. Plaintiff and the Class members have incurred damages as described herein as a result of Land Rover's breach of its duty of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class, pray for judgment against

Jaguar Land Rover North America, LLC and Jaguar Land Rover Automotive, PLC granting the following relief:

1. An order certifying this case as a class action and appointing Plaintiff to represent the Class and Plaintiff's counsel as Class counsel;

2. All recoverable compensatory and other damages sustained by Plaintiff and the Class;

3. Restitution and disgorgement of all amounts obtained by Land Rover as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

4. Actual, treble, and/or statutory damages for injuries suffered by Plaintiff and the Class in the maximum amount permitted by applicable law;

5. An order (1) requiring Land Rover to immediately cease its wrongful conduct as set forth above; (2) enjoining Land Rover from further deceptive distribution, sales, and lease practices with respect to the Vehicles; and (3) requiring Land Rover to refund to Plaintiff and all members of the Class the funds necessary to repair or replace the defective batteries and/or electrical system or entertainment system and refund to Plaintiff and all Class members the funds paid to Land Rover for the defective Vehicles; (4) a declaration that Land Rover is financially responsible for notifying all class members of the defective nature of the electronic and/or entertainment systems and battery, recalling the vehicles or extending their warranties to cover the Defect;

6. Statutory pre-judgment and post-judgment interest on the Class damages;

7. Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

8. Such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all causes of action so triable.


DATED: August 3, 2015  **NAGEL RICE, LLP**
*Attorneys for Plaintiff and the Putative Class*


By:   s/ *Bruce H. Nagel*
Bruce H. Nagel
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com