**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY BLOCK and VICTORYA MANAKIN, on behalf of themselves and all others similarly situated, | |
| Plaintiff, | Civil Action No. 15-5957 (SRC) |
| v. | **OPINION & ORDER** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Jaguar Land Rover North America, LLC ("Jaguar"). For the reasons stated below, the motion will be granted in part and denied in part.

This case arises from a dispute between Plaintiffs, purchasers of Land Rover vehicles, and the manufacturer, Jaguar. In short, the Amended Complaint alleges that the purchased vehicles were defective and asserts six counts: 1) violation of the New Jersey Consumer Fraud Act ("NJCFA"); 2) common law fraud; 3) unjust enrichment; 4) breach of the implied covenant of good faith and fair dealing; 5) breach of express warranty; and 6) breach of implied warranty. Jaguar now moves to dismiss all six claims for failure to state a valid claim for relief.[1]

---

[1] The Court notes that Plaintiffs begin their opposition with the general statement that motions to dismiss are disfavored in this context, quoting Elias v. Ungar's Food Prods., Inc., 252 F.R.D. 233, 239 (D.N.J. 2008). Plaintiffs have quoted Elias out of context: the Elias court was not addressing a Rule 12(b)(6) motion to dismiss, but a motion to certify a class. Id.

Jaguar first argues that the NJCFA does not apply to Plaintiff Manakin's consumer fraud claim. The Amended Complaint alleges that Manakin is a citizen of Massachusetts, Manakin purchased a Land Rover from a dealer in Massachusetts, and Jaguar is a citizen of New Jersey, where it maintains its principal place of business. The parties dispute which state's consumer fraud law this Court should apply: that of New Jersey, or that of Massachusetts.

The Third Circuit has stated the fundamental legal principles for such a choice-of-law analysis as follows:

> A federal court sitting in diversity applies the choice-of-law rules of the forum state—here, New Jersey—to determine the controlling law. *Klaxon Co. v. Stentor Elec. Mfg. Co. Inc.*, 313 U.S. 487, 496 (1941); *Thabault v. Chait*, 541 F.3d 512, 535 (3d Cir. 2008). New Jersey has adopted the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *P.V. v. Camp Jaycee*, 197 N.J. 132, 962 A.2d 453, 459-60 (N.J. 2008). This is a two-part test.
>
> The first part of the choice-of-law inquiry is to determine whether or not an actual conflict exists between the laws of the potential forums. . .
>
> Under the second part of the inquiry, the court must determine which jurisdiction has the "most significant relationship" to the claim. *Camp Jaycee*, 962 A.2d at 461. Where a fraud or misrepresentation claim has been alleged, the court looks to the factors set forth in § 148 of the Restatement (Second) of Conflict of Laws. Under subsection (1) of § 148, when the "plaintiff's action in reliance took place in the state where the false representations were made and received," there is a presumption that the law of that state applies. Under subsection (2), when the plaintiff's action in reliance takes place in a different state than where the false representations were made and received, courts weigh the following factors:
>
> > (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> > (b) the place where the plaintiff received the representations,
> > (c) the place where the defendant made the representations,
> > (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> > (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> > (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

> § 148(2).  The factors enumerated in [the Restatement] should be evaluated on a qualitative rather than a quantitative basis.

Maniscalco v. Brother Int'l (USA) Corp., 709 F.3d 202, 206-207 (3d Cir. 2013).

The parties agree that there is an actual conflict of laws and that this Court must apply the "most significant relationship" test stated in § 148 of the Restatement (Second) of Conflict of Laws to determine which state's consumer fraud law applies to Manakin's consumer fraud claim.  The parties also agree that Manakin's action in reliance took place in Massachusetts, while the allegedly false representations were made in New Jersey.  Thus, Manakin's action in reliance did not take place in the state where the allegedly false representations were made, and so the Court must look to § 148(2).  It is at this point that the parties' positions on this issue diverge.

Looking at the six factors in § 148(2), Jaguar contends that only factor (c) favors New Jersey, while the remaining factors favor Massachusetts.  Plaintiffs contend that both factors (c) and (d) favor New Jersey.  In support of its position, Jaguar persuasively cites Maniscalco:[2]

> Although [Plaintiff] is a domiciliary of South Carolina and [Defendant]'s place of business is in New Jersey, factor (d) weighs slightly in favor of applying South Carolina law. *See § 148 cmt. i.* (noting, in cases of pecuniary loss, that "[t]he domicil, residence and place of business of the plaintiff are more important than are similar contacts on the part of the defendant" because "financial loss will usually be of greatest concern to the state with which the person suffering the loss has the closest relationship").

Maniscalco, 709 F.3d at 208.  This reasoning holds true in this case: the case involves financial loss, which would be of greater concern to Massachusetts, the state with which Manakin, who

---

[2] There are important similarities between the facts in Maniscalco and those alleged here: at issue in both is a claim under the NJCFA by an out-of-state consumer/purchaser of merchandise sold by a company with a principal place of business in New Jersey.  Maniscalco, 709 F.3d at 203.

3

suffered the loss, has the closest relationship. Thus, of the six factors, only factor (c) favors New Jersey as the state with the most significant relationship to Manakin's claim.

As Jaguar points out, similarly, in Maniscalco, the Third Circuit found that only factor (c) weighed in favor of New Jersey. Id. The Third Circuit then stated:

> The only remaining questions are whether the place where [Defendant]'s alleged omissions took place, factor (c), weighs in favor of applying New Jersey law, and, if so, whether this contact is of such significance that it outweighs the contacts in favor of applying South Carolina law. We find that it does not.
>
> Accepting [Plaintiff]'s premise that there were actionable omissions by [Defendant] at its headquarters in New Jersey, we conclude that this single contact—factor (c)—does not warrant applying New Jersey law. Nothing else about the relationship between the parties, other than the fortuitous location of [Defendant]'s headquarters, took place in the state of New Jersey. [Plaintiff]'s home state, in which he received and relied on [Defendant]'s alleged fraud, has the "most significant relationship" to his consumer fraud claim. In so concluding, we adopt the overwhelming majority of courts' application of New Jersey choice-of-law rules under similar circumstances.

Id. at 208-209. Just as in Maniscalco, as regards Plaintiff Manakin, nothing, other than the location of Defendant's headquarters, took place in New Jersey. This Court follows Maniscalco and finds that Massachusetts has the most significant relationship with Manakin's consumer fraud claim.

In Maniscalco, the Third Circuit held that, because New Jersey law did not apply to the plaintiff's consumer fraud claim, the district court had properly granted summary judgment in favor of defendant. Id. at 211. In view of this, this Court finds that the Amended Complaint does not state a valid claim for relief under the NJCFA for Manakin. As to Manakin's NJCFA claim, the motion to dismiss will be granted, and that claim will be dismissed without prejudice.

Jaguar next argues that the common law fraud claims, which are the Second Count, and Block's NJCFA claim, which is the First Count, fail to meet the pleading requirements of

Federal Rule of Civil Procedure 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The Third Circuit has explained:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.  Plaintiffs may satisfy this requirement by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud.  Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.

Lum v. Bank of Am., 361 F.3d 217, 223-224 (3d Cir. 2004) (citations omitted).

The First and Second Counts of the Amended Complaint contain only abstract and general statements, alleging conscious misrepresentation.  (Am. Compl. ¶¶ 93, 99.)  No specifics of the alleged misrepresentation are given in the claims.  The Amended Complaint does not allege any specific facts about the misrepresentations in other sections, either.  The section which alleges specific facts about Block's and Manakin's experiences with their Land Rover vehicles deals largely with the alleged manufacturing defects and repair history and contains no specific allegations about misrepresentations made to the Plaintiffs.

In opposition, Plaintiffs argue that the Third Circuit applies a "relaxed" pleading standard in cases in which factual information is in the exclusive control of the defendant.  Even if true, this is unpersuasive: Plaintiffs here would be the parties in the best position to know the specifics of what misrepresentations were made to them.  A consumer alleging fraudulent misrepresentation should not need discovery to allege the basic facts of what the fraudulent misrepresentation was.  Plaintiffs also contend that the Amended Complaint does plead the "who, what, how, when and where" of the omissions.  This is not so: as discussed, the specific

5

factual allegations in paragraphs 17 through 37 of the Amended Complaint do not identify when and how, what omissions produced what specific misrepresentations to either Plaintiff. This Court finds that the Amended Complaint fails to plead with particularity the circumstances of the alleged fraud, as required by Federal Rule of Civil Procedure 9(b). As to Counts One and Two, the motion to dismiss the Amended Complaint will be granted, and Counts One and Two will be dismissed without prejudice.

As to the Third Count, for unjust enrichment, Jaguar contends that New Jersey courts require a direct relationship between a plaintiff and a defendant, and the Amended Complaint does not allege one. In opposition, Plaintiffs contend that New Jersey courts require only a "sufficient nexus between the conferrer of the benefit and the recipient." (Pls.' Opp. Br. 36.) Plaintiffs cite two cases in support: In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 546 (D.N.J. 2004) and Nelson v. Xacta 3000 Inc., No. CIV.A.08-5426 (MLC), 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009). In both cases, federal district courts used the qualification "sufficient" or "sufficiently" in *dicta*; in neither case did that court deny a motion to dismiss on the ground that New Jersey law does not require a direct relationship between the conferrer and the recipient, but only a sufficiently direct relationship. These two cases do not persuade this Court that New Jersey law uses a "sufficiently direct relationship" standard. Jaguar, in contrast, cites a number of district court cases in which courts have granted a motion to dismiss an unjust enrichment claim because the complaint failed to allege a direct relationship between the conferrer and the recipient. See, e.g., Glass v. BMW of N. Am., LLC, No. CIV.A. 10-5259 ES, 2011 WL 6887721, at *16 (D.N.J. Dec. 29, 2011). Although it does not appear that the New Jersey Supreme Court has addressed this issue, the Appellate Division has, in several cases, held that a direct relationship is required, such that it would be reasonable for one party to expect

remuneration from the other.  See, e.g., Fasching v. Kallinger, 211 N.J. Super. 26, 35 (N.J. Super. Ct. App. Div. 1986) (citing Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 109 (N.J. Super. Ct. App. Div. 1966).  This Court finds that New Jersey law requires a claim for unjust enrichment to allege a direct relationship between the conferrer of a benefit and the recipient.  Because the Amended Complaint does not meet this requirement, the motion to dismiss the Third Count will be granted, and the Third Count will be dismissed without prejudice.

Jaguar next argues that, as to the Fifth Count, for breach of express warranty, the Amended Complaint fails to plead sufficient facts to support a claim.  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Jaguar contends that the Amended Complaint does not plead that the alleged defect manifested itself within the warranty period, nor that each Plaintiff brought her vehicle to a dealership for service during the warranty period, in compliance with the express warranty's terms.

The Amended Complaint does not support Jaguar's position.  As to Block, paragraphs 19 and 20 plead sufficient facts to state a claim for relief that is plausible on its face: the alleged defect manifested itself within the warranty period, etc.  As to Manakin, paragraph 31 alleges that the defect manifested itself during the warranty period, that the vehicle was brought to a dealership, and that the defect continue to manifest after that visit.  Iqbal requires no more than sufficient factual assertions to make an express warranty claim plausible, and the Amended Complaint meets this standard.  As to the Fifth Count, the motion to dismiss will be denied.

As to the Sixth Count, for breach of implied warranty, Jaguar contends again that Plaintiffs failed to plead that the defect arose during the warranty period.  For the reasons just

7

stated, this Court rejects this argument as unsupported by the Amended Complaint. Jaguar further argues that Block's implied warranty claim is time-barred by New Jersey's four-year statute of limitations. In opposition, Plaintiffs contend that the running of the limitation period is tolled in cases of fraudulent concealment of a cause of action, quoting <u>Foodtown v. Sigma Marketing Systems, Inc.</u>, 518 F. Supp. 485, 488 (D.N.J. 1980): "It is well established in New Jersey that where there is fraudulent concealment of a cause of action the period of limitation will not commence until discovery of wrong or of facts which reasonably put one on notice."

Both sides find support for their arguments in the language of the New Jersey statute, part of the Uniform Commercial Code, applicable to this claim:

> Statute of limitations in contracts for sale
>
> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach*. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
> . . .
> (4) This section does not alter the law on tolling of the statute of limitations . . .

N.J. Stat. Ann. § 12A:2-725 (italics added). Jaguar contends that subsection (2) supports their position, while Plaintiffs say that subsection (4) supports theirs. Fortunately, the Third Circuit has just issued a decision which offers helpful guidance about understanding the two subsections in the identical provision in the U.C.C. of the Virgin Islands. <u>MRL Dev. I, LLC v. Whitecap Inv. Corp.</u>, 2016 U.S. App. LEXIS 8987 (3d Cir. May 17, 2016). In <u>MRL</u>, the Third Circuit made clear that, notwithstanding the language of subsection (2), subsection (4) allows for

8

equitable tolling of the limitations period.  Id. at *20.

New Jersey courts recognize the doctrine of equitable tolling: "[t]ypically the doctrine is applied where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Villalobos v. Fava, 342 N.J. Super. 38, 50 (N.J. Super. Ct. App. Div. 2001).  The Amended Complaint does not plead facts to make plausible the assertion that Block was induced or tricked by Jaguar's misconduct into allowing the filing deadline to pass.  There is no basis for equitable tolling of the four-year statute of limitations.

Absent a basis for equitable tolling, this Court applies subsection (2), which provides that the cause of action accrued when the tender of delivery was made.  The Amended Complaint alleges that Jaguar delivered the vehicle to Block in April of 2010.  (Am. Compl. ¶ 17.)  Because this is a claim for breach of an implied warranty, it cannot fall within the exception for warranties which explicitly extend to future performance.  The four-year statute of limitations ended not later than April of 2014.  The initial Complaint in this case was filed on August 3, 2015, at which time the statute of limitations had already run.

"A statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint."  Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006).  Defendant's statute of limitations defense to Block's implied warranty claim appears on the face of the Amended Complaint.  As to the Sixth Count for Plaintiff Block only, the motion to dismiss will be granted, and the Sixth Count will be dismissed without prejudice.

Lastly, as to the Fourth Count, for breach of the implied warranty of good faith and fair dealing, Jaguar contends that Plaintiffs have not sufficiently alleged an actionable misrepresentation by Jaguar, or that Jaguar knew of the alleged defect.  Furthermore, Jaguar

argues that the Amended Complaint does not allege a sufficient basis to make a claim of unfair dealing plausible. In Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001), the New Jersey Supreme Court stated the standard for claims of breach of the implied warranty of good faith and fair dealing:

> [W]e state the test for determining whether the implied covenant of good faith and fair dealing has been breached as follows: a party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract. Such risks clearly would be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationship to be mutually beneficial. They do not reasonably intend that one party would use the powers bestowed on it to destroy unilaterally the other's expectations without legitimate purpose.

Id. at 251. The Amended Complaint does not plead sufficient facts to make plausible a claim that Jaguar acted with the objective of preventing Plaintiffs from receiving their reasonably expected fruits under the contract. Nor does the Amended Complaint allege facts supporting the inference that Jaguar unilaterally destroyed Plaintiffs' expectations under the contract without legitimate purpose. Jaguar's motion to dismiss the Fourth Count will be granted.

In conclusion, as to the First, Second, Third and Fourth Counts, Jaguar's motion to dismiss will be granted. As to the Sixth Count, for Plaintiff Block only, the motion to dismiss will be granted. As to the remaining claims, the motion to dismiss will be denied.

For these reasons,

**IT IS** on this 26th day of May, 2016

**ORDERED** that Defendant's motion to dismiss the Amended Complaint (Docket Entry No. 17) is **DENIED** in part and **GRANTED** in part; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 9) is

**DENIED** as moot; and it is further

ORDERED that, as to the First, Second, Third and Fourth Counts in the Amended Complaint, the motion to dismiss is **GRANTED**, and these claims are hereby **DISMISSED** without prejudice; and it is further

ORDERED that, as to the Sixth Count in the Amended Complaint for Plaintiff Block only, the motion to dismiss is **GRANTED**, and the Sixth Count for Plaintiff Block only is hereby **DISMISSED** without prejudice; and it is further

ORDERED that, as to the remaining claims in the Amended Complaint, the motion to dismiss is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.