<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AMY BLOCK, VICTORYA MANAKIN, JENNIFER FEMATT, and CRYSTAL HUNTER, on behalf of themselves and all others similarly situated, | : : : : : : | Civil Action No. 15-5957 (SRC) |
| Plaintiffs, | : : | |
| v. | : : | **OPINION & ORDER** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | : : : | |
| Defendant. | : : : | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before this Court on the motion to dismiss various claims asserted in the Second Amended Complaint ("SAC") for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Jaguar Land Rover North America, LLC ("Jaguar"). For the reasons stated below, the motion will be granted.

This case arises from a dispute between Plaintiffs, purchasers of Land Rover vehicles, and the manufacturer, Jaguar. On May 26, 2016, this Court granted in part and denied in part a previous motion to dismiss the Amended Complaint, dismissing without prejudice the First through Fourth Counts, as well as the Sixth Count as to Plaintiff Block. Plaintiffs thereafter filed the SAC on consent; the SAC reasserts the dismissed claims, adds new claims, and adds two new Plaintiffs. The Second Amended Complaint alleges that the purchased vehicles were defective and asserts fourteen counts: 1) violation of the New Jersey Consumer Fraud Act ("NJCFA") by misrepresentation; 2) violation of the NJCFA by omission; 3) violation of the NJCFA by

overcharging; 4) common law fraud; 5) unjust enrichment; 6) breach of the implied covenant of good faith and fair dealing; 7) breach of express warranty; 8) breach of implied warranty; 9) breach of written warranty under the Magnuson-Moss Warranty Act ("MMWA"); 10) violations of Massachusett's consumer protection law; 11) violations of California's unfair competition law; 12) violations of the California Consumers Legal Remedies Act; 13) violations of Cal. Civ. Code § 1792; and 14) violation of the Maryland Consumer Protection Act.  Jaguar now moves to dismiss two groups of claims: 1) the previously dismissed, now-reasserted claims; and 2) all claims brought by the two new Plaintiffs, Jennifer Fematt ("Fematt") and Crystal Hunter ("Hunter.")

The SAC describes the alleged defect as follows:

3. One option on the vehicles is an "Infotainment Control Module" (hereinafter, the "ICM"), which includes a navigation system, Bluetooth connectivity, and other informational displays such as the radio, temperature control, and other functionality. Land Rover charges a premium in its vehicles for the ICM, especially those that include a navigation system.

4. The Vehicles are designed and manufactured with a uniform and inherent design defect that causes the ICM to not properly shut down, which results in the ICM continuing to operate after the vehicle's engine has been shut down, thereby draining the battery. Specifically, the Vehicles contain a defective electrical system, which causes the ICM to not shut down properly when the ignition is turned off after certain vehicle applications are used, such as the navigation system or Bluetooth® system, causing the battery to gradually drain until the vehicle cannot be started (hereinafter, the "Defect").

Jaguar first moves to dismiss the Fifth Count, for unjust enrichment.  In the May 26, 2016 decision, this Court held that New Jersey law requires a claim for unjust enrichment to allege a direct relationship between the conferrer of a benefit and the recipient, and that the Amended Complaint did not meet this requirement.  Jaguar contends that the reasserted claim is invalid for the same reason.  In opposition, Plaintiffs argue that the allegations of purchase of a warranteed

Land Rover vehicle, even from a third party, establishes a direct relationship with the manufacturer.

In dismissing the unjust enrichment count for failure to allege a direct relationship, this Court relied on, *inter alia*, Fasching v. Kallinger, 211 N.J. Super. 26, 35 (N.J. Super. Ct. App. Div. 1986), which relied on Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 109 (N.J. Super. Ct. App. Div. 1966). In Callano, the Appellate Division set forth these fundamental principles for an unjust enrichment claim under New Jersey law:

> Quasi-contractual liability has found application in a myriad of situations. However, a common thread runs throughout its application where liability has been successfully asserted, namely, that the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred. It is further noted that quasi-contract cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit.

Id. (citations omitted). Callano makes clear that, in this context, a "direct relationship" requires that the plaintiff expected remuneration from the defendant at the time the benefit was conferred. Nor does the case cited by Plaintiffs, Ryan v. American Honda Motor Corp., 376 N.J. Super. 185, 195 (N.J. Super. Ct. App. Div. 2005), suggest that an automobile manufacturer and an end-purchaser have a direct relationship, within the meaning of Callano.

The SAC alleges no facts which make plausible the inference that Plaintiffs expected remuneration from Jaguar when any Plaintiff purchased a vehicle.[1] The SAC does not state a valid unjust enrichment claim under New Jersey law. As to the claim for unjust enrichment, the motion to dismiss will be granted. Because this is now the second dismissal of the unjust

---

[1] Plaintiffs argue, in their opposition brief, that, had each Plaintiff known about the alleged defect at the time of vehicle purchase, each Plaintiff would have expected the manufacturer to pay her money in compensation. This is far-fetched.

3

enrichment claim for failure to allege a direct relationship, this Court finds that further amendment is futile, and the Fifth Count, for unjust enrichment, will be dismissed with prejudice.

Jaguar next moves to dismiss the Sixth Count, for breach of the implied covenant of good faith and fair dealing. In the May 26, 2016 decision, this Court held that the Amended Complaint did not plead sufficient facts to make plausible such a claim. Jaguar contends that the SAC has not remedied this defect. Plaintiffs disagree, but the opposition brief does not point out any new factual allegations in the SAC that call for a reassessment of the determination. Instead, Plaintiffs repeat that the SAC alleges that Jaguar knew of the defect and continued to conceal it, making misrepresentations. This is not sufficient under New Jersey law.

In the May 26, 2016 decision, the Court cited Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001), in which the New Jersey Supreme Court stated the standard for claims of breach of the implied warranty of good faith and fair dealing:

> [W]e state the test for determining whether the implied covenant of good faith and fair dealing has been breached as follows: a party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract. Such risks clearly would be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationship to be mutually beneficial. They do not reasonably intend that one party would use the powers bestowed on it to destroy unilaterally the other's expectations without legitimate purpose.

Id. at 251. The SAC does not plead sufficient facts to make plausible a claim that Jaguar acted with the objective of preventing Plaintiffs from receiving their reasonably expected fruits under the contract. Nor does the SAC allege facts supporting the inference that Jaguar unilaterally destroyed Plaintiffs' expectations under the contract without legitimate purpose.

In support, Plaintiffs cite a sister court's decision in Coba v. Ford Motor Co., 2013 WL 244687, at *7 (D.N.J. Jan. 22, 2013), which is factually distinguishable: in Coba, the court found that the Second Amended Complaint alleged specific facts which made plausible the inference that Ford provided repairs for the defective vehicles under warranty that Ford knew were illusory repairs – repairs that did not and could not remedy the defect.  Id. at *8.  In the instant case, the SAC does not allege that Jaguar made illusory repairs, or anything like that.

The SAC again fails to allege sufficient facts to support a claim for breach of the implied warranty of good faith and fair dealing.  Jaguar's motion to dismiss the Sixth Count will be granted.  Because this is now the second dismissal of the claim for failure to allege sufficient facts, this Court finds that further amendment is futile, and the Sixth Count will be dismissed with prejudice.

Jaguar next argues that, as to new Plaintiffs Fematt and Hunter, the SAC fails to state a claim for breach of express warranty, the Seventh Count.  Jaguar contends that the SAC does not allege that either Fematt or Hunter brought her vehicle to a Land Rover dealer for repair during the warranty period.  In opposition, Plaintiffs do not suggest that Jaguar has overlooked any factual allegations in the SAC but, rather, that considerations of fraudulent concealment, the discovery rule, and the future performance exception should lead this Court to find that the express warranty claims were timely filed.

The problem here is that Plaintiffs have confused the issues.  Jaguar did not raise the statute of limitations as an affirmative defense to the breach of express warranty claim.  Rather, it has argued that, as to the new Plaintiffs, the SAC fails to plead an essential element of a breach of express warranty claim: bringing the vehicle to a dealer for repair of a covered defect during the warranty period.  See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d

Cir. 1995) ("the general rule, from which we see no reason to deviate, is that an express warranty does not cover repairs made after the applicable time has elapsed"); <u>McQueen v. BMW of N. Am., LLC</u>, 2013 WL 4607353, at *8 (D.N.J. Aug. 29, 2013) (discussing the cases supporting this conclusion). A claim which does not plead all required elements fails to state a valid claim for relief. Plaintiffs' arguments about equitable tolling and when the claim accrued have no relevance here, as the statute of limitations has not been asserted as an affirmative defense to the Seventh Count.

As to Plaintiffs Fematt and Hunter only, the motion to dismiss the Seventh Count will be granted. Plaintiffs have not asserted that, in fact, Fematt and Hunter <u>did</u> bring their vehicles to a dealer for service during the warranty period, and that it was a mere oversight that they failed to allege this in the SAC, and so this Court concludes that amendment of this claim is futile. As to Plaintiffs Fematt and Hunter only, the Seventh Count will be dismissed with prejudice.

Jaguar next argues that, because Fematt and Hunter have no valid express warranty claims, they can have no valid MMWA claims. Plaintiffs' opposition brief contends that, because Plaintiffs have asserted valid express and implied warranty claims, the MMWA claim must be valid. (Pls.' Opp. Br. 38 n.18.) The Court need not resolve this dispute on the law because the MMWA claim is invalid under either legal theory. As to Plaintiffs Fematt and Hunter, the motion to dismiss the Ninth Count, for breach of written warranty under the MMWA, will be granted. As to Plaintiffs Fematt and Hunter only, the Ninth Count will be dismissed with prejudice.

Jaguar next asserts that, as to Plaintiffs Block, Fematt, and Hunter, the claim for breach of the implied warranty of merchantibility, the Eighth Count, should be dismissed as time-barred. In opposition, Plaintiffs argue that the statute of limitations on these claims should be

equitably tolled due to fraudulent concealment.  In support, Plaintiffs quote <u>Foodtown v. Sigma</u> <u>Marketing Systems, Inc.</u>, 518 F. Supp. 485, 488 (D.N.J. 1980): "It is well established in New Jersey that where there is fraudulent concealment of a cause of action the period of limitation will not commence until discovery of wrong or of facts which reasonably put one on notice." The problem for Plaintiffs is that <u>Foodtown</u> goes on to make clear that not only must the complaint support this with factual allegations; it must allege the facts sufficiently under Federal Rule of Civil Procedure 9(b).  <u>Id.</u> at 488-89; <u>see</u> <u>also</u> <u>Byrnes v. De Bolt Transfer, Inc.</u>, 741 F.2d 620, 626 (3d Cir. Pa. 1984) ("fraud, and thus fraudulent concealment, must be pleaded with particularity.")

The Eighth Count says nothing about discovery, concealment, fraud, or equitable tolling. The SAC contains a section with the heading, "Tolling of Statute of Limitations," which contains four paragraphs of generalized and conclusory statements.  (SAC ¶¶ 74-77.)  The SAC does not plead sufficient facts to make plausible an inference that the statute of limitations might be equitably tolled.  As Jaguar notes, in the decision of May 26, 2016, this Court ruled that the Amended Complaint did not plead facts that made plausible the assertion that Block had been induced by Defendant's misconduct into allowing the filing deadline to pass.  As Jaguar contends, the thrust of the SAC is that Jaguar concealed the alleged defect from Plaintiffs – and not that Jaguar engaged in misconduct that induced Plaintiffs to allow the filing deadline to pass.

Jaguar also points to this subsection of N.J.S.A. § 12A:2-725, the relevant statute of limitations provision:

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been

discovered.

This might appear to preclude an equitable tolling argument except that, as Plaintiffs state, § 12A:2-725(4) provides: "This section does not alter the law on tolling of the statute of limitations."

The SAC does not allege sufficient facts to support the inference that equitable tolling of the statute of limitations is available to Plaintiffs.  As to Plaintiffs Block, Fematt, and Hunter, this Court will grant the motion to dismiss the Eighth Count.  As to Plaintiffs Block, Fematt, and Hunter only, the Eighth Count will be dismissed with prejudice, as Plaintiffs have offered no basis for this Court to conclude that they could cure this defect in a third amended complaint. This Court finds that further amendment of the implied warranty claim is futile.

Jaguar next moves to dismiss the Thirteenth Count, for breach of the implied warranty of merchantibility under the California Song-Beverly Act, Cal. Civ. Code § 1792.  Jaguar argues that this claim is barred by the applicable four-year statute of limitations.  In opposition, Plaintiffs contend that Jaguar's argument fails because it ignores the express warranty, which "explicitly extends to future performance of the goods," thus falling within the scope of Cal. Civ. Code § 2725(2) to delay the time of accrual of the cause of action.  At the outset, this Court queries how any implied warranty can be understood to explicitly extend to future performance. Indeed, as will be seen in the discussion that follows, California courts have asked this question as well.

Plaintiffs rely on Ehrlich v. BMW of N. Am., LLC, 801 F. Supp. 2d 908, 924-25 (C.D. Cal. 2010), which determined the limitations period for a Song-Beverly implied warranty claim by reference to the laws applicable to the express warranty.  As Jaguar argues, this aspect of Ehrlich is both puzzling and suspect, and it has been rejected by other California courts.

The court in Ehrlich did not provide a persuasive explanation of the basis for its

surprising decision.  The California courts appear to be in agreement that Cal. Civ. Code § 2725

provides the limitations period for a Song-Beverly implied warranty claim:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

The Ehrlich court applied the exception provided by subsection (2), for a warranty which

"explicitly extends to future performance of the goods."  It appears to have reasoned that this

subsection applies to the express warranty – which seems true to the statutory language –, but

then it went further and decided that § 2725(2) operated as a tolling provision for the Song-

Beverly implied warranty claim.  801 F. Supp. 2d. at 925.  In support, the Ehrlich court cited

Krieger v. Nick Alexander Imports, Inc., 234 Cal. App. 3d 205, 211 (Cal. App. 2d Dist. 1991), a

case which stands only for the propositions that § 2725(1) provides the limitations period for a

Song-Beverly implied warranty claim, and that the exception in § 2725(2) applies to an express

warranty claim; Krieger did not address the tolling of limitations period for such a claim.[2]

---

[2] While the Ehrlich court discussed Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1305 (Cal. App. 4th Dist. 2009), Ehrlich did not explain how that case led it to apply the term of the express warranty to the Song-Beverly claim.  Ehrlich, 801 F. Supp. 2d at 924. Indeed, Mexia does not support Plaintiffs' position here, since the Mexia court held:

> In the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery. . .  Thus, although a defect may not be discovered

Jaguar, in reply, cites a federal district court decision, MacDonald v. Ford Motor Co., 37 F. Supp. 3d 1087, 1101 (N.D. Cal. 2014) which critiques Ehrlich.  The relevant part of MacDonald begins with this observation: "There appears to be disagreement among California courts as to whether a Song-Beverly claim can succeed if a product defect arises after the one year implied warranty has expired."  Id. at 1099.  After discussing the cases, the MacDonald court concluded: "The Court finds the reasoning in Ehrlich to be unpersuasive, and declines to follow that court's interpretation of section 2725."  Id. at 1101.  The MacDonald court stated that it found no authority for the proposition that an express warranty may toll the limitations period

for months or years after a sale, merchantability is evaluated as if the defect were known.

174 Cal. App. 4th at 1305.  Furthermore:

According to its plain language, the implied warranty exists for at least 60 days and at most for one year after delivery of the product; after that time, the warranty ceases to exist.

To say that a warranty exists is to say that a cause of action can arise for its breach. Defining the time period during which the implied warranty exists, therefore, also defines the time period during which the warranty can be breached. Thus, by giving the implied warranty a limited prospective existence beyond the time of delivery, the Legislature created the possibility that the implied warranty could be breached after delivery.

Id. at 1309.  The Mexia court thus made clear that a breach of the Song-Beverly implied warranty of merchantibility can occur *only* during the period that begins with delivery and ends one year later (or sooner).

Under Mexia, the four-year statute of limitations for an implied warranty of merchantibility claim, based on a latent defect, begins to run when the breach occurs, not at the time of discovery.  The practical effect of this is to give a purchaser at most five years to file a claim for breach of the implied warranty of merchantibility.

Lastly, Mexia has nothing to do with tolling – the word "toll" does not even appear in the decision.

for a Song-Beverly implied warranty, concluding:

> The interpretation urged by Plaintiffs is out of keeping with the statutory language, and unsupported by California law. The Court finds that the statute of limitations on Plaintiffs' Song-Beverly claim is not tolled by any express warranty, and is limited to four years from the breach of implied warranty.

Id.

This Court follows MacDonald in finding Ehrlich unpersuasive.  The SAC alleges that Fematt purchased her Land Rover in October of 2008.  (SAC ¶ 51.)  Fematt entered this case upon the filing of the SAC on July 15, 2016.  There is no dispute that Cal. Civ. Code § 2725 provides a four-year limitations period for a Song-Beverly implied warranty of merchantibility claim.  The statute of limitations expired, at the latest, five years after the date of purchase, and therefore years before Fematt filed her implied warranty claim.  The Thirteenth Count, Fematt's implied warranty claim under Cal. Civ. Code § 1790, is barred by the statute of limitations, and will be dismissed with prejudice.

Jaguar next moves to dismiss the Tenth Count, Manakin's Massachusetts Consumer Protection Law ("MACPL") claim, for failure to satisfy the pre-suit demand requirement.  Jaguar points to this provision: "At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."  Mass. Gen. Laws ch. 93A, § 9(3).  Jaguar contends that the SAC fails to plead that Manakin met this requirement for suit.

In opposition, Plaintiffs argue that Jaguar has failed to point out all the relevant language in § 9(3), which goes on to state: "The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent

does not maintain a place of business or does not keep assets within the commonwealth . . ."

Plaintiffs contend that, since Jaguar is a New Jersey company with its principal place of business

in New Jersey, the demand requirement does not apply – but Plaintiffs allege this in the brief, not

in the SAC.  Jaguar, in reply, argues that Plaintiffs cannot contend that Jaguar maintains no

assets in the State of Massachusetts.

As to the demand requirement stated in ch. 93A § 9(3), the Massachusetts Supreme Court

has held: "the thirty-day requirement, as part of the requirement of a written demand for relief, is

a prerequisite to suit, to be alleged and proved." York v. Sullivan, 369 Mass. 157, 163 (Mass.

1975); see also Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 407-408 (Mass.

App. Ct. 2008) ("Not only must such a letter be sent, a plaintiff must plead that he has complied

with this requirement as a prerequisite to suit.")  The SAC neither pleads compliance with this

statutory requirement, nor that the claim falls within the scope of an exception to the statutory

requirement.  Under Massachusetts law, the SAC fails to state a valid claim for relief under the

MACPL, and the Tenth Count will be dismissed without prejudice.

Jaguar next moves to dismiss the statutory and common law fraud claims in the SAC.

The SAC asserts the following fraud claims: 1) the First Count, misrepresentation in violation of

New Jersey's Consumer Fraud Act ("NJCFA"); 2) the Second Count, omission in violation of

the NJCFA; 3) the Third Count, overcharging in violation of the NJCFA; 4) the Fourth Count,

for common law fraud; 5) the Tenth Count, violation of the Massachusetts Consumer Protection

Law ("MACPL"); 6) the Eleventh Count, violation of California's Unfair Competition Law

("CUCL"); 7) the Twelfth Count, violation of the California Consumers Legal Remedies Act

("CCLRA"); and 8) the Fourteenth Count, violation of the Maryland Consumer Protection Act

("MDCPA").  Jaguar contends that the factual allegations in support of the various fraud claims

may be divided into two groups, allegations of misrepresentation and allegations of omission.

As to the misrepresentations, Jaguar contends that the SAC fails to make them with sufficient particularity, citing this Court's decision in <u>McQueen v. BMW of North Am., LLC,</u> 2013 U.S. Dist. LEXIS 123232, *27 (D.N.J. Aug. 29, 2013) ("Nor does Plaintiff identify precisely which representations were made, when they were made, or to whom they were made.")  In opposition, Plaintiffs disagree, contending that the allegations in the SAC supporting the First Count, the NJCFA misrepresentation claim, do allege these facts with the requisite particularity.  Plaintiffs point to SAC paragraphs 1, 6-17, 25-27, and 78-91.  (Pls.' Opp. Br. 19 n.9.)  None of the cited sections identifies precisely any alleged misrepresentation – a particular false statement communicated to a particular Plaintiff on a particular occasion.  Not one of these allegations of misrepresentation has been pled with the particularity required by Federal Rule of Civil Procedure 9(b).

In the May 26, 2016 decision, this Court dismissed the First Count, for violation of the NJCFA based on both misrepresentations and omissions, for failure to plead with particularity sufficient to satisfy the requirements of Federal Rule of Civil Procedure 9(b).  The SAC has split this claim into two counts, the First Count, based on misrepresentations, and the Second Count, based on omissions.  This Court finds that the factual allegations in support of the First Count in the SAC still fail to satisfy Rule 9(b).  Because this is now the second dismissal of this claim on this basis, this Court finds that further amendment of the claim is futile, and the First Count will be dismissed with prejudice.  This ruling applies to all fraud claims in the SAC to the extent that they are based on allegations of misrepresentation.

As to the Second Count, for violation of the NJCFA based on omissions, Jaguar moves for dismissal based on two arguments: 1) the SAC fails to adequately allege that Jaguar knew

about the alleged defect at the time of sale; and 2) the SAC fails to allege a duty to disclose.  In opposition, Plaintiffs contend that this Court should look at the aggregate of the factual allegations in the SC regarding the Technical Service Bulletin ("TSB"), complaints to dealerships, warranty data, and internal testing; as a whole, the facts alleged support the inference that Jaguar knew of the defect on the date of each Plaintiff's purchase.

The SAC alleges that Jaguar issued the TSB about the defect at issue on July 14, 2011. (SAC Ex. A.)  Plaintiffs argue that one can infer that Jaguar knew about the defect for some time before it issued the TSB, and that is certainly a plausible inference.  The Court will consider how to apply this to each named Plaintiff below.

The SAC makes factual allegations in support of Jaguar's knowledge of the defect in paragraphs 106 through 114.  Much of this section is purely conclusory.[3]  The only specific facts alleged concern ten consumer complaints posted on various websites.  Only one consumer complaint has a date, and it is in 2015.  On this basis alone – that none of the consumer complaints has a date prior to the issuance of the TSB –, these ten complaints do not make plausible the inference that Jaguar knew of the defect prior to the issuance of the TSB. Moreover, not one of the ten complaints identifies the particular defect disclosed in the TSB. The TSB describes the defect as follows:

> The vehicle's battery may be flat, for no apparent reason, after . . . period of non-
> use.  This may be caused by the Infotainment Control Module not shutting down

---

[3] At various points in the opposition brief, Plaintiffs claim to have alleged a wide variety of facts supporting the inference of Jaguar's knowledge of the defect, e.g., "pre-release testing data, early consumer complaints about the Defect, testing conducted in response to those complaints, aggregate data that was provided to Defendant from its dealers, and information from other internal sources."  (Pls.' Opp. Br. 27.)  The bulk of these factual allegations are purely conclusory.  The **only** specific facts, relevant to manufacturer knowledge of the defect, alleged in the SAC, are those related to the TSB and to the ten consumer complaints.

correctly if the following conditions occurred at the time of ignition 'OFF' and exiting the vehicle:

1.      Customer viewing the Navigation system map; ***and***
2.      Customer engaged in an active Bluetooth© telephone call.

(SAC Ex. A.)  Most, but not all, of the ten internet complaints point to a problem with a dead battery in a Land Rover LR2.  Not one of them refers to the Infotainment Control Module or having made a telephone call when exiting the vehicle.  One expressly states that the owner did *not* have a navigation system, and so that complaint could not be attributed to the defect disclosed in the TSB.  (SAC ¶ 110(d)(iv).)  These complaints do not make plausible the inference that Jaguar had knowledge of the defect at issue prior to the issuance of the TSB.[4]

This Court thus finds that the SAC makes factual allegations sufficient to make plausible the inference that Jaguar had knowledge of the defect at issue[5] at some time before it issued the TSB on July 14, 2011.  With that in mind, the Court turns to the facts alleged about each purchase.

The SAC alleges that Block purchased her new vehicle on April 20, 2010.  While, as noted, the TSB provides a basis for finding that Jaguar knew of the defect at *some* point before July 14, 2011, the SAC does not allege sufficient facts to support the inference that Jaguar knew of the defect on the date Block purchased her vehicle – fifteen months prior to the issuance of the

---

[4] Setting aside the absence of information about when these complaints were posted on the internet, this Court does not see how, as a group, it is plausible that they informed Jaguar of the alleged defect.  Read together, the complaints suggest that a small number of owners experienced a single event of a battery drain of unknown cause.  The SAC does not provide a basis to infer that this could have or should have plausibly informed the manufacturer of the problem alleged, that the ICM module was failing to shut down under a narrow set of circumstances.

[5] As Jaguar notes in its reply brief, "the TSB describes a possible issue that can arise only in a narrow set of circumstances."  (Def.'s Reply Br. 16.)  The Court agrees with this reading of the TSB.

TSB.  (SAC ¶ 25.)

The SAC alleges that Manakin purchased her used 2010 vehicle on March 19, 2012 (SAC ¶ 38); Fematt purchased her new vehicle on October 2, 2008 (SAC ¶ 51); and Hunter purchased her used 2010 vehicle in August of 2011 (SAC ¶ 59).  Thus, the SAC alleges that Block and Fematt purchased new vehicles at least 15 months before the issuance of the TSB.  This Court finds that the factual allegations in the SAC do not the support the inference that Jaguar knew of the alleged defect at the time that they placed into the stream of commerce the vehicles purchased by Block or Fematt.

The SAC alleges that Hunter and Manakin purchased their vehicles as used cars.  Although the purchase dates fall after the issuance of the TSB, the SAC alleges that both vehicles are from the 2010 model year.[6]  The SAC alleges no facts that support the inference that Jaguar knew of the alleged defect at the time that it placed into the stream of commerce the vehicles eventually purchased by Hunter and Manakin.

In opposition, Plaintiffs contend that, within the Third Circuit, "courts have relaxed [Rule 9(b)] when factual information is peculiarly within the defendant's knowledge or control." Craftmatic Sec. Litigation v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989).  This is correct, but does not help Plaintiffs: the issue at this moment is knowledge, and Rule 9(b) states that knowledge may be alleged generally.  More importantly, even when factual information is peculiarly within the defendant's knowledge, a complaint must still meet the pleading requirements of Iqbal and Twombly: "Factual allegations must be enough to raise a right to relief

---

[6] This Court does not discern a basis for NJCFA liability of a manufacturer for a sale of a used car.  While there might conceivably be a cause of action against the dealer who sold the used car, no such claim has been presented in this case.

above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"Describing a mere opportunity for fraud will not suffice.  Sufficient facts to establish 'a

plausible ground for relief' must be alleged."  Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d

153, 158 (3d Cir. 2014).

        Plaintiffs' citations to various district court cases are not to the contrary.  Plaintiffs

mislead with their quote from Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 527 (D.N.J.

2008).  Contrary to Plaintiffs' suggestion, the Dewey court did not excuse the plaintiffs from the

pleading requirements of Rule 9(b) in regard to a yet undiscoverable omission; rather, that court

found that the defendants had not challenged the sufficiency of the pleading on this ground.  Id.

("Defendants do not challenge the sufficiency of the omission alleged . . .")  Plaintiffs' citation

to Henderson v. Volvo Cars of N. Am.. LLC, 2010 U.S. Dist. LEXIS 73624, *15 (D.N.J. July 21,

2010) is inapposite: the pleading of the manufacturer's knowledge of the defect was not at issue,

and the cited aspect of the decision had nothing to do with relaxing pleading requirements when

factual information is peculiarly within the defendant's knowledge.  Nor are the facts of

Robinson v. Kia Motors Am., Inc., 2015 U.S. Dist. LEXIS 121755, *16 (D.N.J. Sept. 11, 2015)

analogous: in Robinson, Robinson herself had purchased her vehicle after the manufacturer had

issued the relevant technical service bulletin.  Again, in Robinson, the cited aspect of the

decision had nothing to do with relaxing pleading requirements when factual information is

peculiarly within the defendant's knowledge.  The complaint in T.J. McDermott Transp. Co. v.

Cummins, Inc., 2015 U.S. Dist. LEXIS 29678, *14-*15 (D.N.J. Mar. 11, 2015) alleged that an

industry expert had published a research study identifying the defect at issue before Plaintiff

purchased his defective tractor – definitely not factually similar to this case.  So, when Plaintiffs

argue, in conclusion, that the "allegations in this case are substantially similar to the allegations

in <u>Dewey</u>, <u>Henderson</u>, <u>Robinson</u>, and <u>T.J. McDermott</u>," this Court does not find that the cases support this statement.  (Pls.' Opp. Br. 11.)

Based on the analysis above, this Court finds that the SAC does not contain factual allegations to raise above the speculative level the inference that Jaguar knew of the defect at the time that it placed any of the vehicles later purchased by the named Plaintiffs into the stream of commerce.  All fraud claims which require manufacturer knowledge of the defect fail to state a valid claim for relief.  Defendants' motion to dismiss the Second Count on this basis will be granted.  Again, Plaintiffs have offered no basis for this Court to conclude that they could cure this defect in a third amended complaint.  This Court finds that further amendment of the Second Count is futile.

The SAC contains another claim under the NJCFA, the Third Count, for violation by overcharging.  Plaintiffs state that the "only difference between Count Three and Counts One and Two is the theory of damages."  (Pls.' Opp. Br. 7 n.2.)  The Third Count asserts a claim under the NJCFA based on both misrepresentations and omissions.  Based on the reasoning already stated, it will be dismissed with prejudice.

Jaguar addressed the argument about the pleading of Jaguar's knowledge in regard to not only the Second Count, but in regard to all omission-based fraud claims.  In addition to the NJCFA omission claim (the Second Count), Jaguar points to the claims under the California Consumers Legal Remedies Act ("CCLRA") (the Twelfth Count), California's Unfair Competition Law ("CUCL") (the Eleventh Count), common law fraud under New Jersey, Massachusetts, and Maryland law (the Fourth Count), the Maryland Consumer Protection Act ("MDCPA") (the Fourteenth Count), and the Massachusetts Consumer Protection Law ("MACPL") (the Tenth Count).  In opposition, Plaintiffs state that the SAC's other statutory

omission-based claims are within the scope of the Tenth Count, the Twelfth Count, and the Fourteenth Count, and that the analysis under the NJCFA does not differ from the analyses required by these other state consumer laws.  (Pls.' Opp. Br. 17.)  Plaintiffs address the common law fraud claims of the Fourth Count in a separate section.

Plaintiffs' opposition brief links the Eleventh Count to the Twelfth, contending that "[a]llegations of unlawful and unfair practice are premised upon the successful pleading of CLRA violations."  (Pls.' Opp. Br. 27.)  Plaintiffs do not specifically address Jaguar's argument about knowledge in regard to omission-based claims under the CCLRA or CUCL – except insofar as they state that the CCLRA analysis does not differ from that needed for the NJCFA –, and so, in this regard, Jaguar's motion to dismiss the Eleventh and Twelfth Counts will be granted.  The Eleventh and Twelfth Counts will be dismissed with prejudice.

As to the Tenth Count, today's decision has already ruled that it will be dismissed without prejudice for failure to allege pre-suit notice.  To the extent that the Tenth Count asserts omission-based fraud claims, this provides another basis for its dismissal.

Using the same reasoning – failure to plead sufficient facts to support the inference of knowledge –, Jaguar's motion to dismiss the Fourteenth Count will be granted, and the Fourteenth Count will be dismissed with prejudice.  For the same reason, Jaguar's motion to dismiss the Fourth Count will be granted, and the Fourth Count will be dismissed with prejudice.

This Court has thus decided to dismiss all of the fraud claims with prejudice.  This Court has found that the claims of fraud based on misrepresentation fail to state a valid claim for relief, the claims of fraud based on omission fail to state a valid claim for relief, and the SAC pleads no specific facts to make plausible any other variant of fraud claim.

Because this Court has found that the omission-based fraud claims fail to sufficiently

allege Jaguar's knowledge of the alleged defect, it need not reach Jaguar's second point, that these claims fail to plead a duty to disclose.

In conclusion, Jaguar's motion to dismiss the Second Amended Complaint will be granted. The First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count as to Plaintiffs Fematt and Hunter only, Eighth Count as to Plaintiff Block only, Ninth Count as to Plaintiffs Fematt and Hunter only, Eleventh Count, Twelfth Count, Thirteenth Count and Fourteenth Count will be dismissed with prejudice. The Tenth Count will be dismissed without prejudice.

The claims in the Second Amended Complaint which have survived this motion to dismiss are the express warranty claim, the Seventh Count, as to Plaintiffs Block and Manakin only; the implied warranty claim for Plaintiff Manakin only, the Eighth Count; and the MMWA claim for Plaintiffs Block and Manakin only, the Ninth Count.

For these reasons,

**IT IS** on this 7th day of March, 2017

**ORDERED** that Defendant's motion to dismiss the Second Amended Complaint (Docket Entry No. 38) is **GRANTED**; and it is further

**ORDERED** that the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count as to Plaintiffs Fematt and Hunter only, Eighth Count as to Plaintiffs Block, Fematt, and Hunter only, Ninth Count as to Plaintiffs Fematt and Hunter only, Eleventh Count, Twelfth Count, Thirteenth Count, and Fourteenth Count in the Second Amended Complaint are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that the Tenth Count in the Second Amended Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiffs are granted leave to amend the Second Amended Complaint to allege additional facts to support the Tenth Claim, violation of the MACPL, only, within 30 days of the date of entry of this Order.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.