NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY BLOCK, VICTORYA MANAKIN, JENNIFER FEMATT, and CRYSTAL HUNTER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 15-5957 (SRC) |
| v. | **OPINION & ORDER** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for reconsideration of this Court's Opinion and Order entered March 7, 2017 by Plaintiffs Amy Block, Victorya Manakin, Jennifer Fematt, and Crystal Hunter (collectively, "Plaintiffs"), which granted the motion to dismiss various claims asserted in the Second Amended Complaint ("SAC") for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Jaguar Land Rover North America, LLC ("Jaguar"). For the reasons stated below, the motion will be granted.

In short, Plaintiffs ask the Court to modify the decision to dismiss certain claims with prejudice, to dismissal without prejudice, so that Plaintiffs may amend the SAC to incorporate newly discovered evidence. There is no dispute that Plaintiffs did not have the new evidence until Jaguar gave it to them on February 28, 2017. One newly discovered document appears to be an internal Jaguar record, dated January 22, 2009, which states that customers have complained of flat batteries and states: "One possibility is the BTM remains live if the vehicle is

switched off whilst still in a call." (JLRNA_003798).

In the Opinion and Order entered March 7, 2017, this Court dismissed with prejudice certain omission-based fraud claims, a decision that turned on this Court's determination that the SAC made factual allegations sufficient to make plausible the inference that Jaguar had knowledge of the defect at issue at some time before it issued the TSB on July 14, 2011. This Court held:

> The SAC alleges that Manakin purchased her used 2010 vehicle on March 19, 2012 (SAC ¶ 38); Fematt purchased her new vehicle on October 2, 2008 (SAC ¶ 51); and Hunter purchased her used 2010 vehicle in August of 2011 (SAC ¶ 59). Thus, the SAC alleges that Block and Fematt purchased new vehicles at least 15 months before the issuance of the TSB. This Court finds that the factual allegations in the SAC do not the support the inference that Jaguar knew of the alleged defect at the time that they placed into the stream of commerce the vehicles purchased by Block or Fematt.
>
> The SAC alleges that Hunter and Manakin purchased their vehicles as used cars. Although the purchase dates fall after the issuance of the TSB, the SAC alleges that both vehicles are from the 2010 model year. The SAC alleges no facts that support the inference that Jaguar knew of the alleged defect at the time that it placed into the stream of commerce the vehicles eventually purchased by Hunter and Manakin.

(Opinion and Order of March 7, 2016 at 16.) The SAC also alleges that Block purchased her new vehicle on April 20, 2010.

The newly discovered document, when pled, could provide a basis for the plausible inference that Jaguar knew about the defect in early 2009. That would not alter this Court's reasoning about Fematt's fraud claims, since Fematt purchased her vehicle prior to that date, but it could provide a basis to find that Plaintiffs had pled sufficient facts to support the inference that Jaguar knew of the alleged defect at the time that it placed into the stream of commerce the vehicles purchased by Block, Hunter and Manakin.

In opposition, Jaguar makes a number of arguments, none persuasive. Jaguar argues that

Local Civil Rule 7.1(i) permits parties to request reconsideration only of matters which the Court has "overlooked," and the Court cannot have overlooked a piece of evidence that was not in the record at the time of the decision. Nevertheless, the Third Circuit has stated: "The purpose of a motion for reconsideration, we have held, is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The instant motion fits squarely within this definition.

Jaguar also suggests that the Court should deny this motion because Plaintiffs received the document on February 28, 2017, prior to the Court's decision one week later. This Court does not discern the significance of this. Federal Rule of Civil Procedure 61 states, in relevant part: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

Moreover, the equities here do not favor Jaguar. There has been no allegation that Plaintiffs delayed their discovery efforts, or were not diligent, and Plaintiffs had no opportunity to rely on the newly discovered document to amend the SAC prior to the filing of Jaguar's motion to dismiss it. Jaguar has not shown that it will suffer undue prejudice from granting this motion. To be sure, in the decision to be modified, this Court dismissed claims with prejudice, and today it reverses that decision in part, which is certainly not good news for Jaguar. The fairness of it, however, is clear: while there has no been allegation that Jaguar delayed the production of the document, it would be unjust for a defendant to profit from even inadvertent delays in discovery, or for a plaintiff to lose the opportunity to prevail based only on accidents of timing and chance.

The Federal Rules of Civil Procedure authorize this Court to modify orders such as the one it entered on March 7, 2017. Rule 54(b) states, in relevant part: "any order or other decision,

however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Federal Rule of Civil Procedure 60(b) authorizes a court to provide relief from even a final judgment on the ground of newly discovered evidence. Our judicial system recognizes that justice sometimes requires that decisions be undone based on newly discovered evidence, and this is such a time. It is in the interest of achieving a just result in this litigation that this Court grants the motion for reconsideration on the basis of newly discovered evidence.

This Court thus grants the motion for reconsideration and modifies its Opinion and Order entered March 7, 2017 as follows. Insofar as that decision dismissed with prejudice fraud claims based on omissions, on the sole ground that the SAC failed to plead facts sufficient to infer Jaguar's knowledge of the alleged defect at the time it placed the vehicle in question into the stream of commerce, those dismissals with prejudice will be modified to dismissals without prejudice. Regrettably, the question of which dismissed claims fit into this category is both complicated and disputed. Plaintiff will be granted leave to file an amended complaint in conformity with this decision within 30 days of the date of entry of this decision. This Court foresees that, on a future motion to dismiss the Third Amended Complaint, it may be required to unravel the intricacies of this question, and it will cross that bridge when it comes to it.

For these reasons,

**IT IS** on this 25th day of April, 2017

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 57) is **GRANTED**; and it is further

**ORDERED** that this Court's Opinion and Order entered on March 7, 2017 is hereby

4

**MODIFIED** as follows: insofar as that decision dismissed with prejudice fraud claims based on omissions, on the sole ground that the SAC failed to plead facts sufficient to infer Jaguar's knowledge of the alleged defect at the time it placed the vehicle in question into the stream of commerce, those dismissals with prejudice are hereby modified to dismissals without prejudice; and it is further

**ORDERED** that Plaintiffs are granted leave to file a Third Amended Complaint, in conformity with this decision, also to include the amendments permitted in the Opinion and Order entered on March 7, 2017, within 30 days of the date of entry of this decision.

                                                                    s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.