NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY BLOCK, VICTORYA MANAKIN, JENNIFER FEMATT, and CRYSTAL HUNTER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>            Defendant. | Civil Action No. 15-5957 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the appeal of the Magistrate Judge's letter order (the "Order"), dated July 17, 2017, by Plaintiffs Amy Block, Victorya Manakin, Jennifer Fematt, and Crystal Hunter (collectively, "Plaintiffs"). For the reasons stated below, the Order will be affirmed.

This case arises from a dispute between Plaintiffs, purchasers of Land Rover vehicles, and the manufacturer, Jaguar. During discovery, Plaintiffs had asked Magistrate Judge Waldor to compel Defendant Jaguar Land Rover North America, LLC ("Jaguar") to demand and produce certain documents from its foreign parent company. In the Order, the Magistrate Judge denied the application because, in short, Plaintiffs had failed to meet their burden of showing that Jaguar had possession, custody, or control over the documents sought.

The parties agree that a district court reviewing a magistrate judge's discovery decision applies the standard stated in 28 U.S.C. § 636(b)(1)(A): "A judge of the court may reconsider

any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." The parties do not dispute that the Magistrate Judge applied the correct relevant Federal Rule of Civil Procedure, Rule 34(a), which states:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control . . .

Plaintiffs argue that Magistrate Judge Waldor erred in her decision on two grounds: 1) the Magistrate Judge relied on incompetent evidence in reaching her decision; and 2) the decision that Jaguar does not have control over the documents Plaintiffs sought is clearly erroneous.

As to the first point, Plaintiffs have mischaracterized the Magistrate Judge's basis for the decision. Plaintiffs contend that the Magistrate Judge relied on incompetent evidence from Jaguar's counsel. The Order makes clear that the Magistrate Judge correctly placed the burden of proof of control over the documents on Plaintiffs, and that she arrived at her decision because Plaintiffs had failed to meet their burden of proof. Plaintiffs here have failed to persuade this Court that the quality or competence of the evidence offered by Jaguar – which did not bear the burden of proof – had any material impact on the decision.

As to Plaintiffs' second point, that the Magistrate Judge clearly erred in her decision that the evidence did not show that Jaguar had control over the documents requested, Plaintiffs cite Camden Iron & Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438, 440 (D.N.J. 1991) for the proposition that "a company's ability to demand and have access to documents in the normal course of business gives rise to the presumption that such documents are in the litigating corporation's control." The appearance of the word "presumption" there does not relieve the movant of the burden of showing that the opposing party has the ability to demand and have

access to the documents in the normal course of business. And that, in a nutshell, is what Plaintiffs did not meet their burden of showing to the Magistrate Judge, nor have they demonstrated it on appeal.

Plaintiffs argue that, to the contrary, Jaguar has stated in multiple submissions that Defendant "may receive certain documents of a technical nature as needed and on an individual basis from" the corporate parent entity. (See, e.g., Docket Entry No. 72 at 4.) The Magistrate Judge considered this argument in the Order, and ruled that evidence that Jaguar has obtained some other documents from the parent entity did not demonstrate that Jaguar has control over the documents presently at issue. This appears completely sensible and Plaintiffs have pointed to nothing that shows that it is clearly erroneous. Indeed, Plaintiffs have pointed to no evidence that Jaguar has control over the specific documents at issue, nor access to them in the normal course of business.

This Court has reviewed the Magistrate Judge's Order, dated July 17, 2017, and finds that Plaintiffs have not shown that the Order is clearly erroneous or contrary to law. To the contrary, the Order was correctly decided and will be affirmed.

For these reasons,

**IT IS** on this 23rd day of August, 2017

**ORDERED** that Plaintiffs' appeal (Docket Entry No. 80) of the Magistrate Judge's letter order, dated July 17, 2017, is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's letter order (Docket Entry No. 77), dated July 17, 2017, is **AFFIRMED**.

                                                    s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.